**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Phillip G. TAYLOR, Respondent.**

**No. 99–SC–0457–KB.**

Supreme Court of Kentucky.

Aug. 26, 1999.

Bruce K. Davis, Reid Allen Glass, Kentucky Bar Association, Frankfort, for Complainant.

Phillip G. Taylor, Amelia, OH, for Respondent.

## OPINION AND ORDER

Phillip G. Taylor, whose last known address is 12 Montgomery Way No. 7, Amelia, Ohio 45102, was issued six charges with violating ethical standards under the Kentucky Supreme Court Rules.

### KBA File No. 6901

In Count I, Taylor was charged with violating SCR 3.130–1.3 in that he was retained by one Jeanette Raines to file a social security disability claim appeal and did not do so. As a result of Taylor's actions, a new SSD application had to be filed in April 1997, which was approved in July 1997, with a disability onset date of January 1997. As a result, Ms. Raines lost some six months of back pay benefits.

In Count II, Taylor was charged with violating SCR 3.130–1.4(a) by failing to keep Ms. Raines reasonably informed about the status of her case.

In Count III, Taylor was charged with violating SCR 3.130–8.1(b), in that the complaint was served on Taylor on September 22, 1998, along with two letters from the KBA advising Taylor of his need to respond and no response was ever submitted by Taylor. Thus, Taylor was charged with knowingly failing to respond to a legal demand for information from a disciplinary authority.

### Charge No. 6957

In Count I of this charge, Taylor was charged with violating SCR 3.130 – 1.3 in that he was retained by one Darrell Smith to file a bankruptcy petition and was paid $775 on May 2, 1998, to do so. Taylor did not file the petition and in June of 1998, he moved out of state without notifying Smith, refunding his money or returning his file. Thus, Taylor was charged with violating SCR 3.130–1.3 by his failure to act with reasonable diligence and promptness in representing Mr. Smith.

In Count II, Taylor was charged with violating SCR 3.130–1.4(a) in that he failed to keep Mr. Smith reasonably informed about the status of his case and failing to inform Mr. Smith that he had moved out of state.

In Count III, Taylor was charged with violating SCR 3.130–1.16(d) by his failure to give Mr. Smith notice of his move out of state; that he had effectively abandoned his case; failed to surrender the file; and that he failed to refund his money. Taylor was charged because, upon termination, he did not take steps to protect Mr. Smith's interest.

Count IV charged Taylor with violating SCR 3.130–8.3(c) in that by taking Mr. Smith's money, $775, and then failing to do any work to justify the fee, he acted with dishonesty, fraud, deceit or misrepresentation.

Count V charged Taylor with violating SCR 3.130–8.1(b) by his failure to respond to a legal demand for information from a disciplinary authority.

### Charge No. 7003

In Count I, Taylor was charged with violating SCR 3.130–1.3 in that he was retained by one Cindy Brock to represent her in a workers' compensation, civil case, regarding an eye injury incurred by her at work. On May 29, 1998, an adverse decision was rendered by the arbitrator and Taylor failed to notify Ms. Brock and advise her that she had 30 days to appeal the decision to the office of an ALJ. The time for appeal lapsed and in the summer of 1998, she began questioning Taylor as to whether any decision had been rendered in her case. Taylor assured her that she was going to get full compensation for future medical benefits. In July of 1998, Ms. Brock went by Taylor's office and obtained a copy of the adverse decision. In early August, she attempted to arrange an appointment to see Taylor but these efforts failed. Thus, Taylor was charged under the rule because he did not act with reasonable diligence and promptness by his failure to timely appeal the adverse decision rendered against Ms. Brock in her workers' compensation case.

In Count II, Taylor was charged with violating SCR 3.130–1.4(a) in that he failed to keep Ms. Brock reasonably informed of the status of her case, and he was charged under this count with violating SCR 3.130–1.4(b) in that he did not explain matters to Ms. Brock to the extent necessary for her to make informed decisions about her case.

In Count III, Taylor was charged with violating SCR 3.130–1.16(d) in that upon termination of his representation, he did not take steps reasonably necessary to protect Ms. Brock's interests and he failed to inform her that he had effectively abandoned her case and, moreover, failed to surrender her file.

Count IV charged Taylor with violating SCR 3.130–8.1(b) in that he failed to respond to a legal demand for information from a disciplinary authority.

### Charge No. 7021

Count I charged Taylor with violating SCR 3.130–1.3 in that he was retained by one Don Hensley to represent him in a SSD case, and after a denial of Mr. Hensley's claim on June 4, 1996, Taylor informed Mr. Hensley that he would appeal the decision to the United States District Court and that the appeal would take approximately 14 months. After approximately 14 months, Mr. Hensley contacted Taylor to check on the status of his case and Taylor informed him that he would check on it. The record is not clear but it appears Mr. Hensley decided to allow two years for his case to move through the courts and so in June of 1998, he again contacted Taylor who asked for additional time to provide information, but instead, moved out of state. No appeal of Mr. Hensley's claim was taken by Taylor. Thus, Taylor was charged under the rule in that he did not act with reasonable diligence and promptness by his failure to timely file Mr. Hensley's appeal.

In Count II, Taylor was charged with violating SCR 3.130–1.4(a) in that he did not keep Mr. Hensley reasonably informed about the status of his case and failed to provide any information regarding the appeal that was supposed to have been taken of Mr. Hensley's case.

In Count III, Taylor was charged with violating SCR 3.130–8.3(c) in that he acted with dishonesty, fraud, deceit or misrepresentation by leading Mr. Hensley to believe that an appeal had been filed when in fact it had not.

Count IV charged Taylor with violating SCR 3.130–8.1(b) in that he failed to respond to a lawful demand for information from a disciplinary authority.

## Charge No. 7033

In Count I, Taylor was charged with violating SCR 3.130–1.3 in that he was retained in May of 1997, by Betty Jo Brooks to represent her for claims of faulty construction work and bodily injury against one Roy Mullins who had performed certain construction work on her home. Taylor was paid $600 in May of 1997, and $500 in August 1997.

Taylor led Ms. Brooks to believe that her case had been filed and he was working on it but Ms. Brooks became dissatisfied and requested the return of her money and her file. Taylor refused to surrender either. In the summer of 1998 Taylor moved out of state and Ms. Brooks discovered that her case had not been filed. Taylor was charged under the rule by failing to act with reasonable diligence and promptness in that he failed to file her case and effectively abandoned it.

Count II charged Taylor with violating SCR 3.130–1.16(d) in that upon termination of the representation he did not take steps to protect Ms. Brook's interests by failing to give proper notice to her that he was effectively abandoning her case; that he failed to surrender her file and that he failed to refund the $1,100 retainer.

Count III charged Taylor with violating SCR 3.130–8.3(c) in that he acted with dishonesty, fraud, deceit or misrepresentation by leading Ms. Brooks to believe that her case had been filed, when it had not.

Count IV charged Taylor with violating SCR 3.130–8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority.

## Charge No. 7043

Count I charged Taylor with violating SCR 3.130–1.3 in that Susan Horton retained Taylor in April of 1997, to represent her in a divorce action. He was paid $200 for the representation and led the client to believe her petition had been filed and that the Judge's signature on the decree was all that was needed to complete the dissolution action. Thereafter, Ms. Brooks discovered that her divorce action had not been filed and Taylor was charged under the rule by failing to act with reasonable diligence and promptness in the representation of his client by failing to timely file the divorce petition.

Count II charged Taylor with violating SCR 3.130–8.3(c) in that by taking the $200 and doing nothing to justify the fee, he acted with dishonesty, fraud, deceit or misrepresentation.

Count III charged Taylor with violating SCR 3.130–8.1(b) by failing to respond to a lawful demand for information from a disciplinary authority.

Taylor has failed to answer or otherwise respond to any of the complaints or charges filed against him. The Board of Governors voted unanimously to find Taylor guilty on all charges. Upon our review of the record we find that the evidence adequately supports the findings and recommendation of the Kentucky Bar Association.

Taylor was the subject of prior discipline on October 30, 1996, and again on May 12, 1997, when he received private admonitions for violating SCR 3.130–1.3 by failing

to act with reasonable diligence and promptness in representing his clients when he was retained to represent one client in a vehicle personal injury action and missed a pretrial conference and being retained in the second case to file a bankruptcy action and was dilatory in filing said action.

It is ORDERED that Phillip G. Taylor is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

It is further ordered that in regard to each of the charges:

1) Taylor shall not be permitted to engage in the practice of law in Kentucky until such time as the Kentucky Supreme Court enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Any application for reinstatement shall be governed by SCR 3.520 or any subsequent amendment thereto regarding reinstatement in case of disbarment.

3) Taylor is directed to pay the costs of these actions in the sum of $260.30.

4) Pursuant to SCR 3.390, Taylor is hereby ordered to provide notice to any clients he currently represents of his inability to provide further legal services; to notify all courts in which he has matters pending of his disbarment and to provide the director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

All concur.

ENTERED: August 26, 1999

/s/ Joseph E. Lambert
Chief Justice