John R. **BROADWAY**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 99–SC–0413–KB.

Supreme Court of Kentucky.

Aug. 26, 1999.

John R. Broadway, Louisville, for Movant.

Bruce K. Davis, Executive Director, Jane H. Herrick, Kentucky Bar Association, Frankfort, for Respondent.

*ORDER*

Movant, John R. Broadway, moves for termination of Kentucky Bar Association disciplinary proceedings against him by resigning under terms of disbarment pursuant to SCR 3.480(3). The KBA has no objection to the motion. For the reasons set forth below, his motion is granted.

Movant, whose last known address was 3226 Utah Avenue # 4, Louisville, KY, 40215, was suspended for ninety (90) days pursuant to this Court's order on November 19, 1998 and has not been reinstated. He acknowledges thirteen (13) pending disciplinary matters.

In KBA 6388, Movant represented Catina Demps in a divorce action. Movant failed to file his entry of appearance in a timely manner and failed to notify opposing counsel of his representation, resulting in a default divorce decree being entered against his client, in violation of SCR 3.130–1.1 and SCR 3.130–1.3. Movant failed to keep his client adequately informed regarding her divorce proceeding, failed to respond to her reasonable request for information, and failed to promptly return her telephone calls, in violation of SCR 3 .130–1.4(a). He was paid a $300 retainer and failed to do legal work to justify such a fee, in violation of SCR 3.130–1.5(a). Finally, he falsely advised Ms. Demps that he appeared in court on her behalf, falsely led her to believe he had filed certain motions on her behalf, and falsely advised her that he was waiting on a court date, in violation of SCR 3.130–8.3(c).

In KBA 7080, Movant represented William Phelan in a child support matter. Movant failed to file any motions or pleadings in a timely manner on behalf of Mr. Phelan, in violation of SCR 3.130–1.3. He failed to keep his client advised of the status of his case, failed to respond to reasonable requests for information and failed to respond to his client's letter, in violation of SCR 3.130–1.4(a). He was paid a $400 fee and failed to do legal work to justify such fee, in violation of SCR 3.130–1.5(a). He falsely advised his client of the status of his case by providing false documents that showed progress in the child support case and by otherwise leading his client to believe that he had taken action on his behalf in the matter, in violation of SCR 3.130–8.3(c). Finally, he failed to respond to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7129, Movant represented Larry and Sheila Ford in a suit they wished to file against a builder. Movant failed to timely pursue a civil action on behalf of his clients, in violation of SCR 3.130–1.4(a). He failed to keep his clients advised of the status of their civil case and to respond to their reasonable requests for information, in violation of SCR 3.130–1.4(a). He falsely advised his clients of the status of their case by providing false documents and otherwise misleading his clients as to the status of their case, in violation of SCR 3.130–8.3(c). Finally, he failed to respond to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7141, Movant represented Donna Pittenger in her divorce action. He failed to take timely measures to proceed with his client's divorce action; he failed to provide his client with a copy of the property settlement agreement for her signature; he failed to provide her a copy of the divorce decree in a timely manner; he failed to take timely action to prevent an unacceptable property settlement agreement from being entered; he failed to take timely actions on behalf of his client to address her concerns over visitation and unpaid expenses; and he failed to tell his client that he was suspended from the practice of law, in violation of SCR 3.130–1.3. He failed to notify his client of the entry of a divorce decree and property settlement agreement or to provide her with a copy of the agreement for signing and entry. He did not adequately communicate with her concerning his representation, and he did not inform her he had been suspended from the practice of law, in violation of SCR 3.130–1.4(a). He falsely represented to his client that he had taken steps to have her ex-husband held in contempt, that he had taken steps to file motions on her behalf, and that a hearing was set for her case, in violation of SCR 3.130–8.3(c). Finally, he failed to respond

to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7142, Movant represented Gwen Carney in her divorce action. He failed to file a divorce decree in a timely manner on behalf of his client, in violation of SCR 3.130–1.3. He failed to keep his client advised of the status of her dissolution proceeding and failed to respond to her reasonable requests for information about her case, in violation of SCR 3.130–1.4(a). He was paid $398 in legal fees and failed to do legal work to justify such a fee, in violation of SCR 3.130–1.5(a). He provided his client false documents to evidence progress in her case and otherwise misled her concerning the status of her divorce case, in violation of SCR 3.130–8.3(c). Finally, he failed to respond to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7149, the Inquiry Commission issued and authorized an Inquiry Commission Complaint against Movant. Movant had plead guilty to two felony charges committed in the representation of a former client, Michael L. Boaz, in violation of SCR 3.130–8.3(b) and SCR 3.130–8.3(c). Movant failed to file any divorce action on the behalf of Mr. Boaz and charged him $1,345 in legal fees, for which no legal services were performed. Further, Movant entered a guilty plea to two violations of forgery in the second degree; fourteen counts of theft by deception over $300, a felony; and three counts of theft by deception under $300, a misdemeanor. The victims were all former clients. His conduct was a violation of SCR 3.130–8.3(b).

In KBA 7173, Movant represented Barbara Thomas in a divorce proceeding. He failed to take timely measures to proceed in the divorce action, in violation of SCR 3.130–1.3. He failed to adequately communicate with his client and keep her informed concerning the status of her case or to respond to her reasonable request for information, in violation of SCR 3.130–1.4(a). He failed to respond to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7209, Movant represented Judy Smith in the dissolution of her marriage. Movant failed to file the divorce action in a timely manner, failed to adequately communicate with his client, falsely represented to his client that he had filed her divorce action, and failed to respond to a bar complaint. These actions violated SCR 3.130–1.3, SCR 3.130–1.4(a), SCR 3.130–8.3(c), and SCR 3.130–8.1(b).

In KBA 7213 and KBA 7235, Constance Morgan and her son, Derrick Morgan, filed bar complaints against Movant arising from his representation of Derrick Morgan in a post-divorce visitation and custody dispute. Constance Morgan paid Movant part of his fees for the alleged legal service. Movant falsely represented to Mrs. Morgan that he was taking action in her son's case, in violation of SCR 3.130–8.3(c). Movant failed to take timely measures to address Mr. Morgan's concerns regarding custody and visitation and failed to timely address child support issues on his client's behalf, in violation of SCR 3.130–1.3. He failed to keep his client adequately informed and falsely represented to his client that he had taken steps to have the mother of Mr. Morgan's child held in contempt and that he had filed exceptions to the domestic relations commissioner's report, in violation of SCR 3.130–1.4(a) and SCR 3.130–8.3(c). Finally, he failed to respond to a bar complaint, in violation of SCR 3.130–8.1(b).

In KBA 7262, Movant represented Pamela Safi in her post-divorce decree action. Movant failed to take timely measures to proceed with her post-divorce action and did not adequately communicate or respond to reasonable requests for information, in violation of SCR 3.130–1.3 and SCR 3.130–1.4(a). Finally, he falsely represented to his client that he had filed a motion on her behalf, that the judge was going to rule in her favor, and that she would be receiving payment of a debt after the foreclosure of her ex-husband's house, in violation of SCR 3.130–8.3(c).

In KBA 7263, Movant represented Chrystal Giudice regarding modification of child support and separation from her current husband. He failed to take timely measures to proceed with the child support modification and legal separation, in violation of SCR 3.130–1.3. Furthermore, he did not adequately communicate with his client regarding her case and failed to respond to requests for information, in violation of SCR 3.130–1.4(a).

Finally in KBA 7290, Movant represented Ed Jackson in a dispute with a neighbor. Movant failed to take timely measures to proceed with Mr. Jackson's action against his neighbor and failed to adequately communicate with his client or respond to reasonable requests for information, in violation of SCR 3.130–1.3 and SCR 3.130–1.4(a). He falsely represented to Mr. Jackson that he had filed civil actions on his behalf regarding the neighbor, that the judge was going to rule in Mr. Jackson's favor, and that he had received a judgment in Mr. Jackson's favor, in violation of SCR 3.130–8.3(c).

For the foregoing reasons, Movant's motion for resignation under terms of disbarment is granted. It is hereby further ordered that:

1. Movant, John R. Broadway, shall not practice law in the Commonwealth of Kentucky subsequent to his disbarment. This Order supersedes our previous Order by which Movant was temporarily suspended.

2. In accordance with SCR 3.450 and SCR 3.480(3)(c), Movant is directed to pay all costs associated with the disciplinary proceedings against him in the amount of $360, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Movant shall, within ten (10) days from the entry of this Order, notify all clients in writing of his inability to represent them, and also notify all courts in which he had matters pending of his resignation under terms of disbarment, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

Entered: August 26, 1999.

/s/ Joseph E. Lambert
CHIEF JUSTICE