KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Cynthia Lynn LOSEY, Respondent.

Nos. 1999–SC–1123–KB, 2000–SC–020–KB and 2000–SC–060–KB.

Supreme Court of Kentucky.

April 20, 2000.

Bruce K. Davis, Executive Director, Jane H. Herrick, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for complainant.

Cynthia Lynn Losey, Bellevue, for respondent.

## OPINION AND ORDER OF SUSPENSION

In this action we have reviewed the consolidated disciplinary cases contained in 99–SC–1123–KB, 2000–SC–020–KB and 2000–SC–060–KB. Upon consideration of all three, the Board of Governors of the Kentucky Bar Association recommends that Cynthia Lynn Losey, whose last known address is 511 Ward Avenue, Bellevue, Kentucky, be disbarred from the practice of law in the Commonwealth and that she be ordered to pay the costs of this proceeding. This Court temporarily suspended Losey from the practice of law pursuant to SCR 3.165 on June 17, 1999. Following is a brief recitation of the current charges and the disposition thereof.

### 99–SC–1123–KB

Charge No. 6999 arises from Losey's representation of clients in a bankruptcy action. Although a bankruptcy petition was filed by Losey, it was later dismissed because it was not supplemented as required by the Bankruptcy Court. The order of dismissal cited unreasonable delay that was unfair to the creditors. After the motion by Losey to set aside the order of dismissal was denied, she apparently refiled the bankruptcy petition by signing the wife's name without her express or implied permission.

Prior to filing the bankruptcy, the husband orally agreed with Losey to sell her a car for $1,500 and the exchange of another vehicle. The filing fee for the second bankruptcy petition was paid by Losey and deducted from the sale price, but Losey never paid the clients the remainder of the balance owed.

Losey is charged as follows: Count I with violating SCR 3.130–1.3 in failing to act with reasonable diligence; Count II with engaging in a business transaction with a client in violation of SCR 3.130–1.8(a) in that the agreement regarding the car was not reduced to writing and the clients were not given a reasonable opportunity to seek the advice of independent

counsel; Count III that Losey violated SCR 3.130–8.1(b) by not responding to bar counsel's demand for additional information, and Count IV alleges that Losey violated SCR 3.130–8.3(c) by providing inconsistent statements about how she came to sign the bankruptcy petition.

In Charge No. 7139, a client hired Losey in 1996 to represent him in a criminal action. He was convicted in August 1997 and directed Losey to file an appeal of his conviction, but Losey failed to do so timely. Count I alleges a violation of SCR 3.130–1.3.

Losey was also hired to represent this same client and his wife in a civil matter arising from a zoning dispute. Losey filed a lawsuit but it was dismissed in July of 1996. In mid–1998, the clients retained new counsel to represent them regarding the zoning dispute. Despite multiple demands, Losey did not respond to the request by new counsel to return the clients' files. Count II alleges that Losey violated SCR 3.130–1.16(d) in that upon termination of representation a lawyer shall take steps to protect the client's interest including the surrendering of papers and property belonging to the client. Count III alleges a violation of SCR 3.130–8.1(b) in that Losey failed to respond to the Bar Complaint or to warnings sent to her by Bar Counsel.

Charge No. 7190 arises from Losey's representation of a client in a divorce case for which she was paid $300 in March of 1998 and another $300 in May. The client wanted to proceed promptly with the divorce in order to secure custody of her minor child and obtain child support. The client was told by Losey to be in Court on June 24, 1998, regarding the child custody. The client then discovered that no motion for child support had been filed. When Losey took no further action on this matter, the client obtained new counsel.

Sometime after March of 1998 the client also discussed bankruptcy with Losey and she agreed to prepare a petition and call the client in about a week. No call was made. After repeated delays the bankruptcy petition was filed on July 6, 1998.

Losey is charged in Count I with violating SCR 3.130–1.3 in failing to act with diligence and promptness; Count II, with failing to keep her client reasonably informed, a violation of SCR 3.130–1.4(a); Count III, with engaging in dishonesty and fraud in violation of SCR 3.130–8.3(c), and in Count IV with violating SCR 130–8.1(b) in failing to respond to the Bar Complaint.

Charge No. 7218 stems from Losey's representation of a client in a child support matter for which she was paid $570. Losey told the client that the matter would be filed to be heard on the October or November 1998 docket. Nothing was scheduled on either docket. After numerous attempts to contact Losey, the client was told that the papers would be filed on December 2, 1998. According to the client, they were not filed by January 26, 1999.

Count I charges Losey with violating SCR 3.130–1.3 in not acting with reasonable diligence; Count II charges that Losey failed to keep the client reasonably informed, a violation of SCR 3.130–1.4(a); Count III alleges a violation of SCR 3.130–8.1(b) in that Losey failed to respond to the Bar Complaint, and Count IV alleges that Losey, by taking money from the client and not filing the petition, violated SCR 3.130–8.3(c) by engaging in dishonesty, fraud and deceit.

In Charge No. 7233, a client hired Losey in 1996 to represent him in a civil action. Suit was filed in June of 1996 and several depositions were taken. The trial court entered a show cause order on December 11, 1997, to dismiss for lack of prosecution. On February 25, 1998, Losey filed a motion for a trial date and again on February 10, 1999. The trial court set the matter for trial on August 5, 1999. The client alleges that he had difficulty communicating with Losey beginning as early as the fall of 1996.

Count I charges Losey with violating SCR 3.130–1.3 for failing to act with reasonable diligence and promptness; Count II alleges that Losey failed to keep the client reasonably informed, a violation of SCR 3.130–1.4(a), and Count III with violating SCR 130–8.1(b) in that Losey failed to respond to Bar Counsel's lawful demand for information.

In Charge No. 7238, Losey was hired on September 28, 1998, to file a bankruptcy petition on his behalf for which he paid $675. Losey told the client that a petition would be filed within two or three weeks. After the first meeting in September, the client had difficulty contacting Losey. His last contact with her occurred in December of 1998. Thereafter he filed a complaint with the Bar Association. Bankruptcy Court records as of March 31, 1999, show no petition had been filed.

Count I charges Losey with violating SCR 3.130–1.3 in failing to act with reasonable diligence; Count II with failing to keep a client reasonably informed, a violation of SCR 3.130–1.4(a); Count III with violating SCR 3.130–8.3(c) by engaging in conduct involving dishonesty by taking money from a client and failing to perform promised services, and in Count IV with violating SCR 3.130–8.1(b) in failing to respond to the Bar Association Complaint.

On April 5, 1999, the Inquiry Commission sought temporary suspension based in part on the complaint of this client. A response to the petition was filed out of time and in the wrong forum. The response included an affidavit of the client in which he admitted that part of the delay in filing the bankruptcy petition was because he added new bills to the petition. He also acknowledged that part of the delay was occasioned by Losey's medical problems which she had informed him. The client concluded by saying that Losey ultimately filed a petition and that he wished to withdraw his complaint which was the result of frustration and anger.

In Charge No. 7251, Losey was hired to represent a client and her husband in a bankruptcy proceeding. The petition was filed in 1997 and the clients were discharged in bankruptcy in 1998. The client had reaffirmed a debt to a company in the bankruptcy proceeding and called Losey for information. Losey failed to send a copy of the reaffirmation agreement and the client continued to request information but her calls were not returned. Ultimately, Losey told the client that she had received information about the reaffirmation agreement from the company in November of 1998.

Losey is charged as follows: Count I with violating SCR 3.130–1.3 for failing to exercise reasonable diligence and promptness in representing the client; In Count II with failing to keep her client reasonably informed in violation of SCR 3.130–1.4(a). In Count III she is charged with failing to surrender papers or property to the client at the termination of representation in violation of SCR 3.130–1.6(d), and in Count IV with failing to respond to a lawful demand for information from a disciplinary authority in violation of SCR 3.130–8.1(b).

A majority of the Board of Governors found Losey guilty of each of the above counts and charges. With respect to all counts in all of the consolidated charges in this disciplinary proceeding, a majority of eleven members recommended that Losey be suspended from the practice of law for five years.

**2000–SC–020–KB**

In Charge No. 6866, Losey agreed to represent a client in post-dissolution decree matters relating primarily to an increase in child support and reimbursement of medical bills the client paid on behalf of her children. Losey told the client that the fee for representing her would be $650 which included a $150 filing fee. By August 9, 1997, the client had paid Losey a total of $575. For several months the client called Losey periodically to determine the status of her case but Losey

failed to return her calls. After the client called the courthouse and learned that her petition had not been filed, Losey responded that there had been a mistake, and that the case would be filed. Nothing was filed until October 8, 1997.

When the client was finally able to contact Losey by telephone in February of 1998, Losey told her for the first time that she had received a letter from her ex-husband's attorney. The letter was dated January 6, 1998. Losey composed a response to the letter two months later but there is no proof in the record that the letter was sent or received by opposing counsel.

In March of 1998, the client obtained new counsel to represent her with respect to the post-decree matters. Losey failed to deliver the client's file to the new counsel upon request.

Losey is charged as follows: Count I that Losey failed to act with reasonable diligence in violation of SCR 3.130–1.3; Count II charges that she failed to keep her client reasonably informed, a violation of SCR 3.130–1.4(a); and in Count III with violating SCR 3 .130–1.16(d) in failing to surrender papers and property to a client after representation is terminated.

Losey filed a response to the charge on November 23, 1998, raising a number of defenses including mistake, lack of information and illness. On the morning of oral argument before the Board of Governors, Losey filed a motion for a continuance suggesting her attorney, who had not made an appearance in the case, had not had sufficient notice to prepare. The motion was granted and Losey was sent written notice on three different occasions and was served with notice by the county sheriff that a date for oral argument was set. Neither Losey, nor her counsel, appeared at the date and time scheduled for argument.

By a unanimous vote the Board of Governors found Losey guilty of each and every count of this charge. Sixteen members recommended a five-year suspension from the practice of law on each count, said suspension to run concurrent with respect to each count of the charge and concurrent with suspensions recommended in companion cases. One member voted for permanent disbarment.

### 2000–SC–060–KB

Charge No. 7320 relates to a divorce. A petition for dissolution was filed on November 24, 1997, and Losey told the client that the divorce would probably be final in February 1998. When the client did not hear anything she contacted Losey and was told that her husband did not respond to the divorce petition and the matter would go to court in April 1998. The client tried to contact Losey but did not reach her until April, at which time she was told that the case had been submitted and a hearing date would be set in May 1998.

The hearing took place in April 1998, before a domestic relations commissioner. A report was filed and no exceptions were taken by either party. From April through August 1998, the client had little, and extremely confusing, contact with Losey. Losey failed to inform the client of the divorce decree entered on August 6, 1998.

The client tried to get Losey to file motions to force her former husband to pay certain debts. Motions were filed in September and December of 1998. This issue was not heard until December 10, 1998, and the client had an unfavorable ruling. The client was not able to talk to Losey until approximately February 10, 1999, regarding the matter. At that meeting, Losey did not have the client's file.

Count I charges Losey with violation SCR 3.130–1.3 in failing to act with reasonable diligence in representing a client; Count II charges violating SCR 3.130–1.4(a) for not adequately communicating with her client; Count III with violation of SCR 3.130–1.16(d) by failing to return a

file to a client, and Count IV involves violations of SCR 3.130–8.1(b) alleging that Losey has failed to file a response to these charges.

Charge No. 7321 arises from Losey's representation of clients in a civil matter for which she was paid $1,000. Losey entered an appearance and subsequently filed an answer to the civil complaint but took no additional steps on the record to proceed diligently with the lawsuit. Attempts by the client to contact Losey were unsuccessful.

Losey is charged as follows: Count I a violation of SCR 3.130–1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client;" Count II involves a violation of SCR 3.130–1.4(a) which provides that "a lawyer should keep a client reasonably informed about the status of the matter and promptly comply with a reasonable request for information," and Count III, a violation of SCR 3.130–8.1(b), which provides that "a lawyer shall not knowingly fail to respond to a Bar Association Complaint." Losey failed to respond to these charges.

Charge No. 7322 concerns Losey's representation of a client in a bankruptcy matter for which she paid a total of $387.50 toward the filing fees. The client was particularly interested in reaffirming the debt on her car and a store charge account. On December 15, 1998, a Chapter 7 Bankruptcy petition was filed. Thereafter, the client had difficulty contacting Losey who would not return her calls. The client, who was discharged in bankruptcy on May 28, 1999, was never told by Losey whether her charge account or car loan had been reaffirmed.

Count I involves a violation of SCR 3.130–1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client." Count II a violation of SCR 3.130–1.4(a), which provides that "a lawyer shall keep a client reasonably informed about the status of the matter and promptly comply with reasonable request for information;" and Count III an allegation of SCR 1.30–8.1(b) which provides that a "lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

In Charge No. 7246, the client is Losey's former bankruptcy and divorce client. He appears to complain that Losey has misplaced his paperwork, not returned his files and has failed to take care of some debts regarding his bankruptcy. Bar Counsel reports that the complaints are somewhat confusing, but it is their understanding that Losey will not give the client his files back regarding his divorce matter. According to the correspondence of July 12, 1999, the client indicated that he was still attempting to contact Losey, but she would not return his telephone calls.

Count I involves violations of SCR 3.130–1.16(d), regarding a failure to return a file to a client and Count II failing to respond to a Bar Complaint in violation of SCR 3.130–8.1(b).

Charge No. 7567 stems from Losey's representation of a client in a bankruptcy matter for which she was paid $100 for that filing. The client claims that when she contacted Losey in the fall of 1998, she was told that her information had been lost. The client re-supplied the necessary filing information to Losey. After having difficulty contacting Losey over the next several months, the client spoke with her by telephone and was told that she would file the Bankruptcy petition. This was the last contact the client had with Losey who failed to file the petition despite being paid a total of $500.

Count I charges a violation of SCR 3.130–1.3, which provides that a "lawyer shall act with reasonable diligence and promptness in representing the client;" Count II a violation of SCR 3.130–1.4(a), which provides that a "lawyer shall keep a client reasonably informed about the status of the matter and promptly reply with reasonable requests for information;"

Count III a violation of SCR 3.130–8.3(c), which provides that it is misconduct for a lawyer to: "engage in conduct involving dishonesty, fraud, deceit or misrepresentation." This allegation involved Losey's averment that she would file the Bankruptcy petition and/or by failing to reimburse all of the unearned portion of the monies paid to her and Count IV a violation of SCR 3.130–8.1(b), which provides that "a lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

An overwhelming majority of the Board of Governors found Losey guilty of each of the above counts and charges except that the allegation involving fraud in Charge No. 7567 was dismissed. After consideration of this proceeding and the companion cases, a majority of twelve recommended that Losey be disbarred and required to pay the costs in this action.

After reviewing the record, this court adopts only the findings and decision of the Board of Governors. The evidence adequately supports the findings and decision of the Board of Governors.

It is therefore ORDERED:

That Cynthia Lynn Losey be and is hereby suspended from the practice of law in Kentucky for a period of five years from the date of entry of this order, and until such further time as she may be reinstated by order of this court pursuant to SCR 3.510, or any subsequent amendment to SCR 3.510.

Losey is directed to pay the costs of these actions in the amounts of $690.79; $1,376.57; $521.73, or a total of $2,589.09, for which execution may issue.

Pursuant to SCR 3.390, Losey shall, within ten days of the date of the entry of this order notify all clients in writing of her inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur, except JOHNSTONE, J., who would grant disbarment.

ENTERED: April 20, 2000.

/s/ Joseph E. Lambert
Chief Justice