**KENTUCKY BAR ASSOCIATION,**
Complainant

v.

**Cynthia Lynn LOSEY, Respondent.**

**No. 2000–SC–0410–KB.**

Supreme Court of Kentucky.

Aug. 24, 2000.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Respondent, Cynthia Lynn Losey, whose last known address is 511 Ward Avenue, Bellevue, Kentucky, admitted to practice law in the Commonwealth in 1995, was suspended from the practice of law in the Commonwealth for a period of five (5) years by order of this Court entered on April 20, 2000. *See Kentucky Bar Ass'n v. Losey,* Ky., 14 S.W.3d 911 (2000). The Kentucky Bar Association brings forth three additional charges against Respondent alleging further violations of SCR 3.130–1.3, SCR 3.130–8.1(b), SCR 3.130–1.4(a) and SCR 3.130–8.3(c). Respondent failed to file an answer to the charges against her and thus, the record was submitted, pursuant to SCR 3.210(1), to the Board of Governors, (Board), for consideration. Neither party filed a notice of review of the Board's decision pursuant to SCR 3.370(8). Therefore, pursuant to SCR 3.370(10), this Court adopts the recommendation of the Board that Respondent be disbarred.

### CHARGE NO. 7389

Charge No. 7389 arises from Respondent's representation of a client in a social security disability matter. A hearing in that matter had been set for January 28, 1998. The day before the hearing, Respondent telephoned the client and notified him that she was ill and would be unable to attend the hearing. Respondent indicated to the client that she would notify the judge in the case and would "take care of everything." Respondent directed the client not to attend the hearing. The next morning, the day of the scheduled hearing, the client's wife telephoned Respondent and was told, "not to worry." On February 19, 1998, the client's case was dismissed, in which an order of the Administrative Law Judge read: "Although your attorney was contacted ... she was told the hearing would not be continued and the case would be dismissed unless she provided a report from her hospital visit or doctor indicating that she was sick and unable to attend the hearing on January 28, 1998. She did not provide this information...." Respondent had failed to provide the requisite medical report.

On April 15, 1998, Respondent filed for review of the dismissal of her client's case in which she asserted that she had not been told that she needed information from her doctor or hospital, and that she was awaiting dictation of proof of her medical condition from her doctor when she received the dismissal notice. However, no proof of what her medical condition had been on January 28, 1998, the date of the scheduled hearing, had been attached to this appeal. The Social Security Appeal Council eventually denied Respondent's request for administrative review.

Respondent was charged with one count of violating SCR 3.130–1.3, which states that: "A lawyer shall act with reasonable diligence and promptness in representing a client." Count II charged Respondent

with violating SCR 3.130–8.1(b): "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority...." Respondent was served with a copy of this complaint, but is in default of the charges.

## CHARGE NO. 7604

Charge No. 7604 stems from Respondent's representation of a couple seeking bankruptcy protection. On March 29, 1998, Respondent was retained and paid $655.00 in order to file a Chapter 7 bankruptcy petition. The clients attempted to contact Respondent about the bankruptcy, but were unable to speak with her. On May 12, 1999, the clients furnished Respondent an additional $180.00 for filing fees and were told that the bankruptcy petition would be filed in early July 1999. However, Respondent neither filed the petition nor refunded the clients' money.

Count I of the Complaint charged Respondent with a violation of SCR 3.130–1.3, (a lawyer shall act with reasonable diligence and promptness). Count II of the Complaint charged Respondent with violating SCR 3.130–1.4(a), which states that: "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Count III alleged a violation of SCR 3.130–8.3(c) which alleged that Respondent engaged in conduct involving "dishonesty, fraud, deceit or misrepresentation" when she informed her client that she would file the bankruptcy petition in July and by her subsequent failure to refund any unearned money furnished to her for that purpose. Finally, Count IV charged Respondent with a violation of SCR 3.130–8 .1(b), (failing to respond to a demand for information from a disciplinary authority). Respondent was also served with a copy of this Complaint but failed to respond.

## CHARGE NO. 7634

The final charge relates to another bankruptcy action. In December 1997, Respondent was paid $485.00 by a client in order to file a Chapter 7 bankruptcy petition. The petition was not filed. The client attempted on numerous occasions to contact Respondent, but never received a returned phone call. Respondent was served a copy of this Complaint in October 1999.

Count I charged Respondent with a violation of SCR 3.130–1.3, (a lawyer shall act with reasonable diligence and promptness). Count II alleged a violation of SCR 3.130–1.4(a), (a lawyer should keep a client reasonably informed and promptly comply with reasonable requests for information). Count III charged Respondent with a violation of SCR 3.130–8.3(c), alleging that she acted with "dishonesty, fraud, deceit or misrepresentation" when she collected a fee from her client but failed to file the bankruptcy petition. Count IV charged Respondent with violating SCR 3.130–8.1(b), (failing to respond to a demand for information from a disciplinary authority).

These consolidated default cases were considered by the voting members of the Board. After due deliberation, a unanimous vote with nineteen members voting, found Respondent guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a) and SCR 3.130–8.3(c). A majority of sixteen members found Respondent guilty of violating SCR 3.130–8.1(b). The Board was unanimous in its recommendation that Respondent be disbarred.

Upon the foregoing facts and charges, it is therefore ordered that the Board of Governors' recommendation of disbarment be adopted. It is further ordered that:

1. Respondent, Cynthia Lynn Losey, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky. The period of disbarment shall commence on the date of entry of this Opinion and Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with the disciplinary proceedings against her, said sum being $233.15, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. If she has not already done so in accordance with the order entered in 1999–SC–1123–KB on April 20, 2000, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. SCR 3.390.

All concur.

ENTERED: August 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE