KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Phillip G. TAYLOR, Respondent.

No. 2001–SC–0102–KB.

Supreme Court of Kentucky.

May 24, 2001.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Frankfort, Reid Allen Glass, Kentucky Bar Association, Frankfort, for complainant.

Phillip Gowin Taylor, Amelia, for respondent.

## OPINION AND ORDER
## OF DISBARMENT

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Phillip G. Taylor, whose last known address is Amelia, Ohio, be permanently disbarred from the practice of law in Kentucky, having been found guilty on two separate counts of professional misconduct. Taylor has already been disbarred by an action of this Court on August 26, 1999, in *KBA v. Taylor*, Ky., 997 S.W.2d 464 (1999).

In KBA File 7731, Taylor is charged with failure to file a bankruptcy proceeding after accepting a fee and agreeing to do so, and for failure to keep his client reasonably informed of the status of matters constituting the subject of the representation. Taylor was paid $750 to file a bankruptcy petition. Later, Taylor agreed to assist the same client in pursuing an appeal of a federal black lung case. The client discovered in 1997 that Taylor was no longer operating his law office in Kentucky and had moved to Ohio. The client was not successful in contacting Taylor. Upon investigation, the client discovered

that Taylor never filed a bankruptcy petition and that the federal black lung appeal had been denied.

■ SCR 3.130–1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client. SCR 3.130–1.4(b) provides in part that a lawyer shall keep a client reasonably informed about the status of a matter. SCR 3.130–1.1.4(b) provides that a lawyer should explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation. Here, Taylor failed to comply with the rules of professional conduct by failing to communicate with his client and failing to provide him with necessary information about the status of the bankruptcy petition.

KBA File 7143. In 1990, the complainants filed a civil suit in Jefferson County. That suit was later transferred to Fayette County in 1993, and subsequently the claims were ordered to proceed through arbitration. In November 1997, the complainants retained Taylor to represent them in the case as well as a pending stock arbitration involving one of the parties. Taylor and one of his clients entered into an oral agreement for the payment of $500.00 in advance, to be applied against an attorney fee of one-third of any recovery that might be achieved. The $500 advance was paid by the client at the time Taylor was retained. When Taylor entered the case in November 1997, he had approximately five weeks to take action in the case to avoid dismissal. However, he took no such action and as a result the trial judge dismissed the case with prejudice on January 28, 1998.

On or about March 19, 1998, the claims pending in the stock arbitration were dismissed to the detriment of Taylor's client because he had failed to transfer discovery information to the opposing party.

SCR 3.130–1.5(c) provides in part that, a contingent fee agreement shall be in writing and should state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal. SCR 3.130–1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

By a vote of 16 to zero, the Board of Governors determined that Taylor was guilty of professional misconduct in both proceedings and recommended disbarment. Taylor, who was admitted to the practice of law in Kentucky in 1988, had been the subject of prior disciplines including a private admonition on October 30, 1996; a private admonition on May 12, 1997, and disbarment on August 26, 1999.

Taylor failed to make any appearance or make any defense to any of the charges.

■ Therefore, upon consideration of the record and recommendation of the Board of Governors, this Court does hereby order that Phillip G. Taylor be and is hereby permanently disbarred from the practice of law in Kentucky and he shall not be permitted to apply for reinstatement of his license to practice law. The period of disbarment shall begin on the date of the entry of this order.

Pursuant to SCR 3.450, Taylor is required to pay all costs associated with these disciplinary proceedings in the amount of $64.87, and for which execution may issue from this Court upon finality of this Opinion and Order.

Pursuant to SCR 3.390, Taylor shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients of his inability to provide further legal service and to furnish the

Director of the Kentucky Bar Association with a copy of all such letters, or to provide the Director of the KBA with a certificate that he has no active clients.

All concur.

ENTERED: May 24, 2001.

/s/ Joseph E. Lambert
Chief Justice