KENTUCKY BAR ASSOCIATION,
Complainant,

v.

Charles H. ZIMMERMAN, Respondent.

No. 2001–SC–0638–KB.

Supreme Court of Kentucky.

Nov. 21, 2001.

Petition for Reconsideration Denied
March 21, 2002.

## OPINION AND ORDER OF PERMANENT DISBARMENT

On August 16, 2000, the Kentucky Bar Association filed with this Court its Conclusions of Law and Recommendations of the Board of Governors in KBA File Nos. 7426, 7518, and 7721. These files represented three consolidated charges against Charles H. Zimmerman of Louisville, Kentucky. The Board found Zimmerman guilty of all charges contained in the files and recommended that Zimmerman be disbarred. Zimmerman filed a notice of review, in which he argued that the Board's

On remand, the Board considered the remanded charges along with three additional, unrelated charges (KBA File Nos. 7887, 8024, and 8305) that had been brought against Zimmerman in the interim. Zimmerman did not present any mitigating evidence or respond to the additional charges against him. The Board found Zimmerman guilty of all counts contained in all six charges and recommends that Zimmerman be permanently disbarred. No notice of review has been filed in this case. We adopt the recommendations of the Board. The Board's relevant findings and conclusions as to each charge are set forth below.

### FILE NO. 7426

The Brownsboro Road Area Development Association (BRAD) retained Zimmerman in connection with a possible zoning dispute. BRAD paid Zimmerman a retainer of $1,500 in January of 1997. No action in the case had occurred by May of the same year. BRAD decided at that

time it did not wish to pursue the matter. After informing Zimmerman of this decision, BRAD asked Zimmerman to return $1,000 of the retainer.

Zimmerman never responded to BRAD's request for return of part of the retainer. BRAD eventually filed a bar complaint against Zimmerman, who failed to respond to the complaint. Further, Zimmerman failed to respond to three additional warnings, one of which was hand-delivered to Zimmerman by Bar Counsel. Another warning was delivered by a Jefferson County Deputy Sheriff along with a subpoena requesting his billing records.

Count I of this file charges Zimmerman with failing to promptly reply to an information request and with failing to keep his client reasonably informed in violation of SCR 3.130–1.4. Count II charges Zimmerman with failing to respond to an order of a tribunal in violation of SCR 3.130–3.4(c). The Board found Zimmerman guilty of both counts by a vote of 12 to 0, with one member abstaining.

### FILE NO. 7518

The Camp Taylor Fire Protection District retained Zimmerman to represent it in a boundary dispute with another local fire district. At issue in the case was which district was obligated to serve the disputed property and, consequently, which district would be entitled to receive the tax revenue generated by the disputed properties. Zimmerman was fined $300 for failing to comply with discovery requests and was subsequently ordered to so comply. He neither paid the fine, nor complied with the discovery order. As a result, Camp Taylor was prohibited from presenting any evidence at trial. Not surprisingly, the trial court adopted the line of division proposed by opposing counsel, and ordered the parties to negotiate a settlement concerning which district would levy

a tax on the properties. Zimmerman did not inform Camp Taylor that the trial court ruled in the other fire district's favor or why Camp Taylor was prohibited from introducing evidence at trial.

Zimmerman appealed from the adverse judgment, but failed to file a pre-hearing statement. The Court of Appeals ordered a show cause order, to which Zimmerman failed to respond. Later, he filed a motion to withdraw as counsel. He did not inform Camp Taylor of this action.

Once Zimmerman's dilatory conduct came to light, Camp Taylor demanded return of most of the retainer it had paid Zimmerman. In response, Zimmerman sent Camp Taylor a check for $7,500, which was less than the amount demanded by Camp Taylor. The check did not clear. Zimmerman did not further communicate with Camp Taylor, despite the fire district's repeated requests for information and return of the retainer.

Count I of this file charges Zimmerman with failing to act with reasonable diligence and promptness in violation of SCR 3.130–1.3. Count II charges him with failure to keep his client informed about the status of the matter in violation of SCR 3.130–1.4(a). Count III charges Zimmerman with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 3.130–8.3(c). The Board found Zimmerman guilty of all three counts by a vote of 12 to 0, with one member abstaining.

### FILE NO. 7721

Zimmerman took a vehicle to the Louisville Frame & Fender Shop to be repaired. The owner told Zimmerman that for repairs totaling over $2500, he only accepted checks issued by insurance companies. Zimmerman lied to the owner and told him that he had misplaced his insurance check.

Zimmerman had in fact deposited the check into a personal account the day before. Relying on this false information, the owner accepted Zimmerman's personal check. The check did not clear.

The owner hired an attorney who contacted Zimmerman in an effort to collect the $2,500 he was owed for the repairs. Zimmerman responded by letter. He stated that he would send the shop a certified check, but he also threatened to sue the shop and inform Louisville-based consumer groups that the shop did shoddy work. No check was ever sent, nor was suit ever filed.

Count I of this file charges Zimmerman with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 3.130–8.3(c). Count II charges Zimmerman with failure to respond to a complaint in violation of SCR 3.130–8.1(b). The Board found Zimmerman guilty of both counts by a vote of 12 to 0, with one member abstaining.

### FILE NO. 7887

Zimmerman represented four co-defendants in an action in U.S. District Court. Zimmerman repeatedly failed to comply with discovery orders by the court and was eventually fined $5,000 for his behavior.

Count I of this file charges Zimmerman with failure to make reasonable efforts to expedite litigation in violation of SCR 3.130–3.2. Count II charges Zimmerman with failure to make a reasonable effort to comply with legally proper discovery requests in violation of SCR 3.130–3.4(d). Count III charges Zimmerman with failure to respond to a lawful demand by a disciplinary authority in violation of SCR 3.130–8.1(a). The Board found Zimmerman guilty of all three counts by a vote of 13 to 0.

### FILE NO. 8024

Louis Holston retained Zimmerman to represent him in a lawsuit against the city of Muldraugh, Kentucky. Zimmerman filed a complaint on Holston's behalf. The complaint was eventually dismissed for failure to prosecute, but Zimmerman repeatedly told Holston that the case was progressing nicely. Holston learned from a third party that the case had been dismissed about nine months after the dismissal occurred.

Count I of this file charges Zimmerman with lack of diligence in violation of SCR 3.130–1.3. Count II charges Zimmerman with failure to adequately communicate with his client in violation of SCR 3.130–1.4(a). Count III charges Zimmerman with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 3.130–8.3(c). Count IV charges Zimmerman with failure to respond to a disciplinary matter in violation of SCR 3.130–8.1(b). The Board found Zimmerman guilty of all four counts by a vote of 13 to 0.

### FILE NO. 8305

Charles Wood hired Zimmerman to represent him in a land dispute in Marion County, Kentucky, in January 2000. Zimmerman was suspended from the practice of law in February 2000, but he continued to represent Wood. In April 2000, Zimmerman told Wood that he had hired a surveyor named Pence. This statement was false. Wood asked Zimmerman to attempt to settle the matter in October 2000. Zimmerman asked for an additional $500 and apparently did nothing more. Wood eventually contacted opposing counsel and learned that no settlement offer had ever been made. Wood also learned that, with trial date fast approaching, Zimmerman had filed a motion to withdraw as counsel.

Zimmerman did not inform Wood about the motion to withdraw.

This file charges Zimmerman with failure to act with reasonable promptness in the representation of his client in violation of SCR 3.130–1.3. Count II charges Zimmerman with failure to reasonably inform his client in response to information requests in violation of SCR 3.130–1.4(a). Count III charges Zimmerman with failure to give adequate notice of withdrawal in violation of SCR 3.130–1.16(d). Count IV charges Zimmerman with representing a client while being suspended in violation of SCR 3.130–5.5(a). Count V charges Zimmerman with engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 3.130–8.3(c). Count VI charges Zimmerman with failure to respond to a disciplinary matter in violation of SCR 3.130–8.1(b). The Board found Zimmerman guilty of all six counts by a vote of 13 to 0.

As to punishment on the above charges, the Board voted 11 to 1 to recommend that Zimmerman should be permanently disbarred from the practice of law, with one member abstaining. One Board member voted to recommend that Zimmerman should be suspended for five years.

Upon consideration of the record and recommendation of the Board of Governors, this Court orders that Charles H. Zimmerman be and is hereby permanently disbarred from the practice of law in Kentucky, and he shall not be permitted to apply for reinstatement of his license to practice law. The period of disbarment shall begin on the date of the entry of this order.

Pursuant to SCR 3.450, Zimmerman is required to pay all costs associated with these disciplinary proceedings in the amount of $1,235.29, and for which execution may issue from this Court upon finality of this Opinion and Order.

Pursuant to SCR 3.390, Zimmerman shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients of his inability to provide further legal services and to furnish the Director of the Kentucky Bar Association with a copy of all such letters, or to provide the Director of the KBA with a certificate that he has no active clients.

All concur.

Entered: November 21, 2001.

/s/ Joseph E. Lambert
CHIEF JUSTICE