KENTUCKY BAR ASSOCIATION,
Movant,

v.

Bradley F. WALLACE, Respondent.

Nos. 2002–SC–0399–KB, 2002–SC–0464–KB, 2002–SC–0895–KB.

Supreme Court of Kentucky.

Aug. 21, 2003.

## OPINION AND ORDER

Bradley Wallace, whose last known address was Louisa, Kentucky, was admitted to the practice of law in Kentucky in 1996. In December 2001, Wallace was suspended for noncompliance with CLE requirements. He has not completed any CLE hours since that time and accordingly has not been reinstated to practice law. The Kentucky Bar Association has filed with this Court four disciplinary matters in which the Board of Governors has recommended various periods of suspension.

### KBA File No. 7890

In 1996, Wallace was substituted as counsel for James Maynard in an action to quiet title filed in the Martin Circuit Court, following the death of Maynard's previous counsel. In February 1999, after an adverse judgment was entered against Maynard, Wallace filed a notice of appeal in the Court of Appeals. However, on March 26, 1999, the court issued an order requiring Maynard to show cause why his appeal should not dismissed for failure to file a prehearing statement. Wallace neither informed Maynard of the show cause order nor filed the prehearing statement, causing the appeal to be dismissed.

In March 2001, the Inquiry Commission charged Wallace with failing to provide adequate representation, failing to act with reasonable diligence, and failing to keep his client reasonably informed about the status of his case, in violation of SCR 3.130–1.1, 3.130–1.3, and 3.130–1.4(a). Although Wallace initially responded to Maynard's Bar complaint, he did not file an answer to the Commission's charge and the matter proceeded as a default case.

### KBA File No. 8414

In July 1996, Fanny Anderson was arrested in Louisa, Kentucky, for DUI. After officers handcuffed her and left her unat-

tended in the cruiser, she escaped. Several months later, Anderson's body was found under the Big Sandy Bridge with only one hand still cuffed. Anderson's mother, Bessie Napier, retained attorney Teresa Hall of Williamson, West Virginia, to file a 42 USC 1983 action in the U.S. District Court for the Eastern District of Kentucky to recover damages for Anderson's wrongful death and violation of her constitutional rights.

Although Hall filed a complaint in July 1997, she moved to withdraw as Napier's attorney approximately one year later. Wallace entered an appearance as Napier's new counsel in August 1998. It appears as though Wallace did substantial work on the case for the next year, and eventually filed a complaint in the Lawrence Circuit Court following the federal court's entry of summary judgment in favor of the defendants. However, by mid-August 1999, Wallace had abandoned the case and, after he failed to appear for a hearing in the circuit court, summary judgment was entered against Napier.

In October 2001, the Inquiry Commission charged Wallace with failing to act with reasonable diligence and promptness in representing his client, failing to keep his client reasonably informed about the status of a case and failing to comply with the client's request for information, and failing to protect his client's interests and to return her file when requested to do so, in violation of SCR 3.130–1.3, 3.130–1.4(a), and 3.130–1.16(d). Wallace was served with the charge by the Secretary of State. The charge was returned undelivered and the matter proceeded as a default case.

The Board of Governors considered Cases 7890 and 8414 together and entered its report on May 9, 2002. The Board concluded that Wallace clearly failed to preserve Maynard's right to appeal. Further, with regard to the Napier case, the Board concluded that not only did Wallace fail to timely file the state court action, but thereafter failed to respond to the motion for summary judgment or to advise Napier of his withdrawal from the matter. Thus, the Board unanimously found Wallace guilty of all charges. The Board recommended that Wallace be suspended from the practice of law for a period of 181 days.

### KBA File No. 7705

In February 1999, Wallace accepted a $500 fee from Shelly and Robert Harris to file suit against a contractor, which suit was never filed. The Harrises paid Wallace an additional $250 on a separate case against a different contractor, and while Wallace did obtain a default judgment against this second contractor, he never informed the Harrises of such. The Harrises alleged that at the beginning of October 1999, after they had been unable to contact Wallace for several months, they went to his office only to find it vacant. A cleaning person informed the Harrises that Wallace's mother was in possession of all of his files. The Harrises subsequently obtained their file from Wallace's mother.

In February 2000, the Inquiry Commission charged Wallace with failing to act with reasonable diligence and promptness, failing to keep his clients reasonably informed about the status of their case and to comply with requests for information, and for abandoning his law practice without advance notice and arrangements to return client files, in violation of SCR 3.130–1.3, 3.130–1.4(a), and 3.130–1.3 & 1.4.

Wallace filed a *pro se* answer denying the charges and the matter proceeded to an evidentiary hearing before a trial commissioner, who found Wallace guilty of all charges. Based, in part, upon the fact that Wallace had never reimbursed the Harrises their $500, the trial commissioner

recommended that he be suspended for a period of 90 days.

In May 2002, in Wallace's absence despite having been given notice, the Board of Governors exercised its discretion to review the evidence *de novo*, and also unanimously concluded that he was guilty of all charges. In a report entered June 5, 2002, the Board recommended that Wallace be suspended for ninety days, to run "consecutive to any other disciplinary cases previously decided with a condition of reinstatement being that the Respondent show proof of payment of the restitution to Mr. & Mrs. Robert M. Harris in the amount of $500 before applying for reinstatement."

## KBA File No. 7618

Circuit Judge Stephen N. Frazier initiated a complaint against Wallace in a letter to the Office of Bar Counsel for the KBA dated August 27, 1999. Judge Frazier noted Wallace's "consistent and constant failure to appear in court on behalf of his clients." Specifically, Wallace failed to appear in the Johnson Circuit Court on behalf of a Jasper Davis in the case of *Commonwealth v. Davis*, 98–CR–0063, thus requiring Judge Frazier to appoint a public defender.

The KBA contacted Mr. Davis concerning the matter and subsequently received a letter from an Erma Davis, wherein she stated that she and Mr. Davis had paid Wallace $800 on one occasion and had also given him a 1988 Ford Ranger truck that Ms. Davis stated was valued at approximately $1,400. Wallace thereafter failed to appear on Mr. Davis' behalf on two occasions. Ms. Davis stated that Wallace did not return either the money or the truck.

On March 21, 2001, the Inquiry Commission charged Wallace with failing to act with reasonable diligence and promptness in representing his client, failing to keep his client reasonably informed about the status of a matter and complying with requests for information, failing to protect his client's interest, and failing to maintain a current address with the KBA, in violation of SCR 3.130–1.3, 3.130–1.4(a), 3.130–1.16(d), and 3.175

Wallace did not respond to any inquiries about the matter and the KBA was unable to locate him. Service of the charges was attempted through the Secretary of State but returned undeliverable on November 9, 2001. On October 25, 2002, the Board of Governors subsequently found Wallace guilty of all charges and recommended a suspension of two years to run consecutive to any other suspensions.

This Court ordered Wallace's disciplinary cases consolidated for review. Although not recommended by the Board of Governors, the KBA now argues that Wallace's conduct warrants permanent disbarment. However, all of the cases relied upon by the KBA involve charges of intentional fraud or deceit. *Kentucky Bar Association v. Zimmerman*, Ky., 69 S.W.3d 465 (2001); *Kentucky Bar Association v. Losey*, Ky., 24 S.W.3d 660 (2000); *Kentucky Bar Association v. Taylor*, Ky., 997 S.W.2d 464 (1999); *Broadway v. Kentucky Bar Association*, Ky., 997 S.W.2d 467 (1999).

While Wallace's conduct is certainly egregious and reprehensible, the Inquiry Commission did not see fit to charge him in any of the matters with dishonesty, fraud, deceit, or misrepresentation. Indeed, Wallace's actions portray incompetence and negligence rather than intentional dishonesty.

The record reveals that Wallace has been incarcerated on at least two occasions in the recent past on alcohol-related charges, and that his whereabouts are un-

known. There is also evidence that he is currently homeless and suffering from mental illness. Given his recent history, there is little doubt that, even in the absence of any imposition of suspension, Wallace will not be fit to return to the practice of law for an extended period of time. Nonetheless, we conclude that permanent disbarment is not warranted at this time.

Accordingly, we adopt the recommendations of the Board of Governors and hereby order that:

1. Respondent, Bradley F. Wallace, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of one hundred and eighty-one days in connection with KBA Files 7890 and 8414, ninety days in connection with KBA File 7705, and two years in connection with KBA File 7615, all to run consecutively. Said suspensions are, of course, independent of and in addition to Wallace's indefinite suspension for failing to comply with CLE requirements. The period of suspension shall continue until such time as Wallace is reinstated to the practice of law pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

2. Pursuant to SCR 3.390, Wallace shall provide notice to any clients, if applicable, he currently represents of his inability to provide further representation, notify all courts in which he currently has matters pending of his suspension, and provide the Director of the Kentucky Bar Association with copies of said letters.

3. Pursuant to SCR 3.450, Wallace is required to pay all costs associated with these disciplinary proceedings, said sum being $1209.17, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: August 21, 2003.

/s/ Joseph E. Lambert
    Chief Justice